UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| GILDA PATTERSON | ) | |
| | ) | |
| V. | ) | NO. 2:07-CV-10 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |

REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge under the standing orders of the Court for a report and recommendation with regard to the Motion for Judgment on the Pleadings [Doc. 13] filed by the plaintiff, and the Motion for Summary Judgment [Doc. 15] filed by the defendant Commissioner.

The plaintiff seeks judicial review of the administrative denial of her applications for disability insurance benefits and supplemental security income under the Social Security Act.

The sole function of this Court in making this review is to determine whether the findings of the Secretary are supported by substantial evidence in the record. *McCormick v. Secretary of Health & Human Services*, 861 F.2d 998, 1001 (6th Cir. 1988). "Substantial evidence" is defined as evidence that a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury. *Consolo v. Federal Maritime Comm.*, 383 U.S. 607 (1966). The Court may not try the case *de novo* nor resolve conflicts in the evidence, nor decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Even if the reviewing court were to resolve the factual issues differently, the Secretary's decision

must stand if supported by substantial evidence. *Listenbee v. Secretary of Health and Human Services*, 846 F.2d 345, 349 (6th Cir. 1988).

The plaintiff was 32 years of age at the time of the administrative hearing. While the ALJ states that she had only a 10th grade education, she in fact has a GED. [Tr. 98]. Her past relevant work experience was as a telemarketer/sales representative and as a waitress. She alleged disability based upon having Hepatitis C, seizures, stomach problems and a mental impairment.

The ALJ found that the plaintiff did not have a severe mental impairment. This decision was based in large part upon the testimony at the administrative hearing of Dr. Thomas Schacht, a licensed clinical psychologist, who testified as a medical expert for the Commissioner. Basically, Dr. Schacht read the record, summarized it for the ALJ, and offered his opinion that there was a history of noncompliance with mental health treatment on the part of the plaintiff [Tr. 608-12]. A critical factor in his opinion was the information supplied by the plaintiff to Dr. John Thurman, a psychologist who consultatively examined the plaintiff at the behest of the Commissioner on March 30, 2005. Dr. Thurman stated that the plaintiff advised him that was taking the antidepressant Paxil and had been for about one year as prescribed by her primary care physician. Dr. Schacht stated that "the primary care physician notes show no reference to this medication between February '05 and October '05." [Tr. 610].

The plaintiff was prescribed Paxil by Dr. Ken Kozawa, her family doctor, and filled or refilled her prescription for it 6 times between December, 2003, and October, 2004. Whether Dr. Thurman and plaintiff were on the same page or not, she did take Paxil for 11

2

months during that period of time. During that time, Dr. Kozawa was of the opinion that his patient had "an underlying mental disorder which significantly interferes with functioning." [Tr. 178].

Dr. Thurman found that the plaintiff had a poor ability to deal with the public. He opined she had no ability to deal with work stresses, and a poor ability to function independently and to maintain attention and concentration. Also, he found she had a poor ability to behave in an emotionally stable manner and in demonstrating reliability. [Tr. 451-53].

Plaintiff was also consultatively examined at the request of the State Agency by Alice Garland, a senior psychological examiner. She opined that the plaintiff's ability to persist and concentrate was not limited on the day of the interview, but "may wane under stress." She also found that the plaintiff's ability to work with the public may be moderately limited and that her ability to adapt appeared to moderately limited by the plaintiff's panic attacks and depression. [Tr. 315].

On April 13, 2004, Gina Frieden, a non-examining State Agency mental health consultant, prepared a mental capacity assessment [Tr. 320-22]. She found that the plaintiff was moderately limited in her ability to understand and remember detailed instructions, in her ability to carry out detailed instructions, in her ability to maintain attention and concentration, in her ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and to respond appropriately to changes in the work setting. She also found the plaintiff was markedly limited in her ability

3

to interact appropriately with the general public.

In October of 2006, after two visits with the plaintiff, Dr. Jeanne Clontz, a licenced psychologist, submitted an "Assessment of Mental Limitations." She opined that plaintiff had a poor ability to perform activities of daily living, to adapt to stressful circumstances in work-like settings, to deal with the public, and to deal with stress of ordinary work. She also opined that plaintiff had a poor ability to demonstrate reliability, to persist at assigned tasks, to work at a consistent pace, and to timely complete work tasks.[Tr. 472-74].

The burden of establishing the presence of a severe impairment is a *de minimis* hurdle. Only if a claim is "totally groundless" may it be dismissed solely on the medical evidence without consideration of the claimant's individual vocational situation. *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988). In the present case, the plaintiff and **all** of the examining experts have opined that the plaintiff has a mental impairment that meets the *de minimis* standard. While enormous latitude is given to the ALJ to evaluate the credibility of witnesses as to the effect of an impairment on an individual's residual functional capacity, the existence of the impairment is a matter of medical proof. Plaintiff's physician put her on Paxil for 11 months. Two consulting psychologists retained by the Commissioner examined the plaintiff and opined that she had a severe mental impairment. Her own psychologist did the same. Dr. Shacht read these opinions and disagreed with them. While a medical adviser may assist an ALJ with interpreting medical or psychological data to determine the effect of an impairment, the issue of whether there was a severe impairment was not subject to interpretation. It was clear in all of the examiner's reports that she had a mental impairment which would affect her ability to work to some extent. The proper course would be to find

that the plaintiff has a severe mental impairment and then determine the extent thereof and whether there are jobs she can perform.

The Court realizes that serious issues are raised regarding the extent of the plaintiff's physical impairments and how these would affect her residual functional capacity. However, until the mental impairment is factored in, the ultimate issue of disability *vel non* cannot be decided. It is therefore recommended that this case be remanded to the Commissioner further determination of the extent of the plaintiff's mental impairment and whether there are jobs she can perform. It is therefore recommended that the plaintiff's Motion for Judgment on the Pleadings [Doc. 13] be GRANTED to the extent of remanding the case to the Commissioner, and that the Commissioner's Motion for Summary Judgment [Doc. 15] be DENIED.[1]

Respectfully submitted:

s/ Dennis H. Inman
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).